# SUPREME COURT.

JOHN H. HARDT *et al.*, appellants, agt. HERMAN SCHULTING, respondent.

*Practice — Justification of sureties on appeal — Effect of adjournment out of court.*

Where justification of sureties on appeal to the court of appeals has been inadvertently adjourned "out of court," the appellant has no such "fixed right" to sue on the undertaking to the general term as prevents the court from directing the new bond to be filed *nunc pro tunc.*

*First Department, General Term, July,* 1880:.

APPEAL from an order granting leave to file a bond on appeal to the court of appeals from the judgment of this court, *nunc pro tunc.*

*William Watson,* for appellants.

*C. B. Smith,* for respondents.

DAVIS, P. J.— The point whether the order appealed from recites the papers used on the motion seems to have been disposed of on the motion for resettlement of such order. The court below held substantially that the papers asked to be inserted were not used on this motion. It would be indecorous for us to hold the contrary on conflicting evidence; for the question is one which in such controversies is always submitted to the decision of the court below. We think the court had power to allow the bond to be filed *nunc pro tunc* under the circumstances, notwithstanding a new bond could have been filed under the provisions of the present Code. The sureties in the first bond had failed to appear and justify. On objection of appellant's counsel, the justice held that the justification had been inadvertently adjourned "out of court"

---

by him.  It was in his discretion whether he would relieve the respondent by allowing a new bond to be filed *nunc pro tunc.*  If the adjournment did not put the proceedings to justify "out of court," the failure of one surety to justify would have entitled the respondent to have substituted a surety who could justify.  That was the practical effect of what was done.  The appellant had no such "fixed right" to sue on the undertaking on appeal to this court as prevented the court from exercising its discretionary power to direct the new bond to be filed *nunc pro tunc.*  It might properly do it for the express purpose of arresting an unnecessary litigation.  There was no abuse of discretion, and we think the order should be affirmed, with ten dollars costs and disbursements.

